The following are the issues submitted to the jury and their answers thereto:
"1. Did Mrs. Kate L. Yarboro endorse the note for $3,445, made by O. Y. Yarboro to the plaintiff, upon the promise of N. B. Josey that he would discount her four notes, each in the sum of $5,000, secured by a deed of trust on lands in Franklin County, as alleged in the answer? Answer: No.
"2. At the time of the delivery to the plaintiff of the $20,000 notes, referred to in the first issue, did the plaintiff agree in consideration thereof that it would cancel and surrender to the defendants the $10,000 note made by Mrs. Kate L. Yarboro to E.H. Malone, and assigned by O. Y. Yarboro to the plaintiff, as alleged in the answer? Answer: No.
"3. After the plaintiff failed to discount said $20,000 worth of notes, did the plaintiff agree to release the $10,000 note and deed of trust, and thereby restore the defendants to the same position that they occupied before the execution of the said $10,000 note? Answer: No."
Judgment by the court below was duly rendered on the issues. Defendant Katie L. Yarboro made numerous exceptions and assignments of error and appealed to the Supreme Court.
The record discloses that the charge of the court below covers nineteen pages. In the charge each issue was read to the jury and the contentions of the parties carefully given on same and the law applicable. We can discover no error in the charge nor in the admission or exclusion of evidence. In the nineteen pages of the charge of the court below the "specific" exceptions to the charge are not set forth.
"We have no power here except to `review upon appeal any decision of the courts below, upon any matter of law or legal inference.' Const. of N.C. part Art. IV, sec. 8." Rawls v. Lupton, 193 N.C. p. 428.
It may be noted that no legal authorities are cited in the briefs of the learned counsel for plaintiff or defendant. The facts as found by the jury were in favor of plaintiff and against the defendant. On the record we can find
No error.